UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ONEIDA NATION OF NEW YORK,

                      Plaintiff,

   -v-                                      6:10-CV-1071

DAVID A. PATERSON, JAMIE WOODWARD,
and WILLIAM J. COMISKEY,

                      Defendants.

NEW YORK ASSOCIATION OF CONVENIENCE
STORES, NEW YORK STATE ASSOCIATION
OF COUNTIES, AMERICAN CANCER SOCIETY,

                    Amici Curiae.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

ONEIDA NATION LEGAL DEPARTMENT      PETER D. CARMEN, ESQ.
Attorneys for Oneida Indian Nation           MEGHAN MURPHY BEAKMAN, ESQ.
5218 Patrick Road
Verona, NY 13478

ZUCKERMAN SPAEDER LLP                MICHAEL R. SMITH, ESQ.
Attorneys for Oneida Indian Nation
1800 M. Street, N.W.
Washington, D.C. 20036

WILLIAMS & CONNOLLY LLP              DANIEL F. KATZ, ESQ.
Attorneys for Oneida Indian Nation           DENNIS M. BLACK, ESQ.
725 12th Street N.W.                            MICHAEL V. PINKEL, ESQ.
Washington, D.C. 20005                   MATTHEW V. JOHNSON, ESQ.

HON. ERIC T. SCHNEIDERMAN            SENTA B. SUIDA, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

The Capitol  
Albany, NY 12224  

DAVID B. ROBERTS, ESQ.  
AARON M. BALDWIN, ESQ.  
Ass't Attorneys General  
ANDREW D. BING, ESQ.  
Deputy Solicitor General  

HARRIS BEACH PLLC  
Attorneys for New York Association of  
   Convenience Stores, Amicus curiae  
726 Exchange Street Suite 1000  
Buffalo, NY 14210  

RICHARD T. SULLIVAN, ESQ.  

STEPHEN J. ACQUARIO, ESQ.  
General Counsel for New York State Association  
   of Counties, Amicus Curiae  
540 Broadway, 5th Floor  
Albany, NY 12207  

ROBERT W. GIBBON, ESQ.  
Ass't Counsel  

PATRICK J. MCKENNA, ESQ.  
Attorney for American Cancer Society,  
   Amicus Curiae  
260 Osborne Road  
Albany, NY 12211  

DAVID N. HURD  
United States District Judge  

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On June 16, 2011, the Memorandum-Decision and Order and Preliminary Injunction of October 14, 2010, was vacated in accordance with the directive of the United States Court of Appeals for the Second Circuit. See Oneida Nation of N.Y. v. Cuomo, 645 F.3d 154 (2d Cir. 2011). On August 2, 2011, an Order was issued directing the parties to file a status report or motion on or before September 1, 2011, to avoid dismissal without further order of the court. On August 22, 2011, plaintiff Oneida Nation of New York ("Oneida Nation") moved pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss this action without prejudice.

On September 16, 2011, defendants David A. Paterson, Jamie Woodward, and William Comiskey ("defendants") opposed. On September 23, 2011, the defendants filed a motion for summary judgment. The Oneida Nation opposed. The motions were taken on submission without oral argument.

## II. BACKGROUND

The Oneida Nation filed the complaint in this action seeking a declaration that New York State's regulatory scheme for taxing cigarettes sold by Indian tribes violated federal law. The Oneida Nation further sought temporary, preliminary, and permanent injunctive relief enjoining the State from enforcing said regulatory scheme. Preliminary injunctive relief was granted, then vacated as noted above. No adjudication of plaintiff's claims on the merits was sought or made.

Although at one time it did, the Oneida Nation no longer purchases cigarettes from wholesalers or other entities that are required under the State's cigarette-taxing scheme to pre-pay and pre-collect state taxes.

## III. DISCUSSION

Upon a motion by a plaintiff, its action may be dismissed "on terms that the court considers proper."[1] Fed. R. Civ. P. 41(a)(2). Any such dismissal is without prejudice unless the dismissal order otherwise provides. Id. A voluntary dismissal without prejudice pursuant to Rule 41(a)(2) will be permitted "'if the defendant will not be prejudiced thereby.'" D'Alto v. Dahon Calif., Inc., 100 F.3d 281, 283 (2d Cir. 1996) (quoting Wakefield v. Northern Telecom

---

[1] Additionally, if a counterclaim has been pleaded and the defendant objects to voluntary dismissal, such dismissal may be granted "only if the counterclaim can remain pending for independent adjudication." Id. However, no counterclaim was filed in this case.

Inc., 769 F.2d 109, 114 (2d Cir. 1985)). A defendant may be prejudiced by a voluntary dismissal without prejudice when "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief." Id. (internal quotations omitted). The relevant factors to consider in making this determination are: "'(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss.'" Id. (quoting Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).

The preliminary injunction was vacated on June 16, 2011, and the Oneida Nation filed the instant motion on August 22, 2011. Thus, the Oneida Nation was diligent in bringing this motion for voluntary dismissal without prejudice. The defendants do not argue that there was any undue vexatiousness in bringing the motion. Further, the only proceedings to take place in this action were related to the Oneida Nation's motion for preliminary injunctive relief and the currently-pending motions. Because of the limited proceedings that have taken place, any relitigation would not create duplicative expense.

It is undisputed that the Oneida Nation does not now purchase cigarettes from wholesalers or other entities that are required by the State taxing scheme to pre-pay and pre-collect taxes on cigarettes. Thus, the State cigarette-taxing scheme no longer affects the Oneida Nation, and on that basis it no longer wishes to pursue its claim that the cigarette-taxing scheme violates federal law. The Oneida Nation's explanation for the need to dismiss the action is more than adequate. Therefore, it is proper to permit the voluntary dismissal of the complaint.

The defendants argue that the dismissal should be granted with prejudice because the Oneida Nation, with its motion for voluntary dismissal, is attempting to avoid the adverse judgment on the merits by the appellate court. However, no such improper motive can be imputed to the Oneida Nation. It is apparent that the state regulation being challenged by the Oneida Nation no longer affects it, so that pursuing the challenge would inhere to it no benefit.[2] Therefore, dismissal without prejudice is appropriate.

The defendants submitted a motion for summary judgment on September 23, 2011. The appellate court decision vacating the preliminary injunction, which called into question the likelihood of plaintiff succeeding on the merits of its claims, was issued on May 9, 2011. The defendants did not make a motion to dismiss or for summary judgment despite the indication from the appellate court that the merits of plaintiff's claims may be lacking. They did so only after the Oneida Nation sought to voluntarily dismiss the case. In fact, they first opposed the motion to voluntarily dismiss, then subsequently filed a motion for summary judgment, a full month after the Oneida Nation's motion for voluntary dismissal was filed. The defendants' motion for summary judgment on the merits, filed after the plaintiff's motion for voluntary dismissal without prejudice was fully briefed and ready for decision, is not entitled to consideration where analysis of the motion for voluntary dismissal leads to the conclusions that the action should be dismissed without prejudice.

Moreover, the summary judgment motion was not filed until September 23, 2011, well after the September 1, 2011, deadline set in the Order of August 2, 2011. The defendants' motion for summary judgment was untimely.

---

[2] It could certainly be argued that a case or controversy no longer exists.

IV. **CONCLUSION**

Based upon the foregoing, it is

ORDERED that

1. The Oneida Nation's motion to dismiss without prejudice is GRANTED;

2. Defendants' motion for summary judgment is DENIED; and

3. The complaint is DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

United States District Judge

Dated:  January 9, 2012
        Utica, New York.